UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERARD D. JONES,

    Plaintiff,

v.                                          Case No. 3:16cv313-MCR-CJK

SCHWARTZ, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter was transferred to this Division from the Tallahassee Division. Before the transfer, the magistrate judge deemed plaintiff's complaint sufficient for service. The case is now before the court on a motion to dismiss (doc. 58) filed by two defendants, Codi Hatfield and Lakisha Douglas. In their motion, the defendants argue dismissal is appropriate because, among other things, plaintiff failed to disclose his complete litigation history.

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of plaintiff's amended complaint (doc. 29), the undersigned finds plaintiff in fact failed to disclose his full litigation history and the matter therefore should be dismissed.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question:"Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 29, p. 5). Plaintiff disclosed a number of state court cases, but no federal cases. At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE**

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action. Question (B) asked whether plaintiff had initiated others actions in federal court dealing with the same or similar facts/issues involved in this action.

Case No. 3:16cv313-MCR-CJK

**TRUE AND CORRECT.**" (Doc. 29, p. 31). Thus, in effect, plaintiff stated that, at the time he filed his complaint, he had initiated no other state or federal actions relating to the fact or manner of his incarceration or the conditions of his confinement.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of 28 U.S.C. § 1915(g),[2] the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 3:16cv313-MCR-CJK

The court may take judicial notice that, at the time plaintiff filed his complaint in this case, plaintiff had initiated at least four other federal court cases that required disclosure: *Jones v. Moore*, Case No. 8:02cv305 (M.D. Fla. 2002) (habeas corpus petition); *Jones v. Heinrich*, Case No. 8:92cv01000 (M.D. Fla. 1992) (civil rights complaint); *Jones v. Rice*, Case No. 8:92cv00795 (M.D. Fla. 1992) (civil rights complaint); and *Terry Lee Jackson, a.k.a. Gerrard D. Jones v. Heinrich*, Case No. 8:91cv01083 (M.D. Fla. 1991) (civil rights complaint).[3] Plaintiff did not disclose the cases despite the complaint form's clear instruction that he do so.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all

---

[3] According to the defendants, plaintiff also failed to disclose the following state court cases: *Jones v. Fla. Dep't of Corr.*, Case No. 2012 CA 002275 (Fla. 2nd Cir. 2012); *Jones v. Crews*, Case No. 332013CA000033 (Fla. 2nd Cir. 2013); and *Jones v. Hudson*, Case No. 332015AP000005 (Fla. 2nd Cir. 2015).

Case No. 3:16cv313-MCR-CJK

prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[4] (Doc. 29, p. 4). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

2. That all pending motions be DENIED as moot.

3. That the clerk be directed to close the file.

---

[4] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 3:16cv313-MCR-CJK

At Pensacola, Florida this 12th day of January, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**